NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3044

CECILIA P. MORRISSEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Cecilia P. Morrissey, of Aurora, Colorado, pro se.

Scott T. Palmer, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3044

CECILIA P. MORRISSEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0752080065-I-1.

_____

DECIDED: April 2, 2009

_____

Before SCHALL, PLAGER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Mrs. Cecilia Morrissey appeals the September 11, 2008 decision of the Merit Systems Protection Board ("MSPB") denying her petition for review of the May 15, 2008 decision of the administrative judge sustaining the termination of her employment as a contact representative with the United States Department of the Treasury, Internal Revenue Service ("IRS"). We <u>affirm</u> the decision of the MSPB.

Mrs. Morrissey began her employment with the IRS as a seasonal customer service assistant in 2003. In 2006, she was given a full time position as a contact representative. Mrs. Morrissey describes the training she received as limited and inadequate, and her working conditions as generally undesirable. Despite these alleged

obstacles, she managed to satisfactorily fulfill her duties in customer service, as evidenced by performance-related recognition and letters from customers.

Mrs. Morrissey's husband, Mr. Joseph Morrissey, was also employed with the IRS in customer service. He retired from the IRS in 2006. Mr. Morrissey had a real estate business on the side, of which he was sole proprietor. Mr. and Mrs. Morrissey filed joint tax returns, in which Mr. Morrissey's real estate business expenses were included. Mr. Morrissey always prepared the couple's joint returns. Mrs. Morrissey explains that she had no training or certification regarding Schedule A Itemized Deductions and Schedule C Sole Proprietorship portions of tax returns. Mrs. Morrissey signed the joint returns prepared by Mr. Morrissey. She assumed they were accurate.

Mrs. Morrissey was audited by the IRS shortly after beginning her employment in 2003. Such audits are standard practice for new employees with the IRS. Mrs. Morrissey testified at the administrative hearing that she was aware that she could lose her job if she filed an inaccurate tax return.

In connection with the audit, the Morrisseys met with agency tax compliance officer Ms. Rebecca Rupp in January of 2004. At that meeting, Ms. Rupp informed the Morrisseys that certain Schedule C deductions on their 2001 joint tax return were not allowable. Ms. Rupp explained that Mr. Morrissey's real estate business expenses were not deductible in 2001 because Mr. Morrissey sold no properties and had no clients[1] at that time. Additionally, some of the expenses claimed were otherwise improper, such as concert tickets and anniversary dinner expenses for the Morrisseys.

---

[1]     Mr. Morrissey's only client was himself, as his own home was on the market and he was listed as the real estate agent selling the property.

Mrs. Morrissey contends that Ms. Rupp's conduct during and after their initial meeting was unprofessional, and that Ms. Rupp did not adequately warn her about continuing to claim Schedule C expenses related to Mr. Morrissey's real estate business on future returns. While it is unfortunate that the Morrisseys had to endure what they perceived as a disrespectful auditor, Ms. Rupp's conduct does not relieve Mrs. Morrissey of the obligation to file an accurate tax return in 2003.

In April of 2004, after meeting with Ms. Rupp but before the audits on their 2001 and 2002 tax returns were complete, Mr. Morrissey prepared the couple's 2003 joint tax return. An audit of this tax return revealed improper Schedule C deductions for transportation, meals, entertainment, and office expenses connected to Mr. Morrissey's real estate business, as well as some improper Schedule A deductions.

In June of 2005, following an audit of the 2003 return, Ms. Rupp recommended that the agency assess a civil fraud penalty against Mr. and Mrs. Morrissey. The IRS ultimately denied the recommendation for lack of clear and convincing evidence.[2] In 2007, an IRS officer, Ms. Ellis, proposed to terminate Mrs. Morrissey's employment for improperly claiming Schedule A and C deductions on her 2003 joint tax return. Subsequently, Mrs. Morrissey was removed from her position.

The scope of our review in an appeal from a decision of the MSPB is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

---

[2] Although the Advisory Opinion found that there was no clear and convincing evidence of fraud, it suggested that a negligence penalty would be appropriate.

procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Section 1203(b)(9) of the Treasury Department's Restructuring and Reform Act of 1998 mandates removal of any employee determined to have committed "willful understatement of Federal tax liability, unless such understatement is due to reasonable cause and not to willful neglect." Mrs. Morrissey asserts that she did not willfully understate her tax liability, because she was not adequately trained in Schedule A or C deductions, and because her husband prepared the tax forms. She also asserts that the auditor did not advise her about filing accurate tax returns in the future. None of these excuses, however, provides "reasonable cause" as provided for in § 1203(b)(9).[3] Conscious ignorance is not reasonable cause.

Mrs. Morrissey contends that she had no reason to doubt the tax return that her husband prepared. We disagree. Mrs. Morrissey was informed that her joint tax returns for 2001 and 2002 were problematic. Even though the audits of those returns had not been completed, and even if Ms. Rupp did not specifically advise Mrs. Morrissey against future Schedule C deductions, Mrs. Morrissey at least knew that past joint tax returns prepared by her husband were suspected of inaccuracy.

---

[3] Mrs. Morrissey asserts in her appeal that she could not provide reasonable cause during the hearing because her answers to questions were limited to "yes" or "no". Her brief to this court was not so limited. The explanations provided in Mrs. Morrissey's brief establish no excuse for her failure to file an accurate tax return. Additionally, Mrs. Morrissey asserts that the testimony of Mr. Robert Stewart was wrongly excluded from the hearing. We find no error in the decision to exclude this testimony. Mr. Stewart's professional qualifications have no bearing on his reliability as a character witness. Moreover, Mrs. Morrissey is not accused of intentional fraud, so it is unclear what relevant testimony Mr. Stewart could possibly provide.

Mrs. Morrissey had general knowledge about tax liability and she was aware of § 1203. She also knew that her husband sold no properties in 2003. Despite this knowledge, and the knowledge of problems in their past returns, Mrs. Morrissey did not seek the help of a manager at the IRS, which was offered to all employees. Mrs. Morrissey argues that there was no time during the work day to ask for help, yet she did not seek help outside normal work hours. She did not conduct any research to learn about Schedule A and C deductions or ask her husband to explain the return to her before she signed it.

Mrs. Morrissey was aware that her job carried with it a heightened responsibility to file accurate tax returns. This responsibility does not stem from her training in any specific area of tax law, but rather is based on her general duty to safeguard public trust in the IRS and avoid the perception of a breach of trust in IRS employees. Signing her joint tax returns without making any effort to verify their accuracy was willful neglect under the circumstances of this case.

We have reviewed the decision of the MSPB in detail, and find no legal error or abuse of discretion. The MSPB carefully considered conflicting versions of the facts surrounding Mrs. Morrissey's tax training, Ms. Rupp's conduct, and Mrs. Morrissey's knowledge of her husband's business. We find substantial evidence supporting the MSPB's ultimate conclusion that Mrs. Morrissey willfully understated her tax liability under § 1203(b)(9). Mrs. Morrissey admits that her 2003 signed joint tax return contained errors. She admits to have "looked over" the tax return before signing it, but made no effort to verify the accuracy of the information submitted. The decision to terminate her employment with the IRS is lawful and not unreasonable.

The decision of the MSPB is affirmed.

## COSTS

Each party shall bear its own costs.