## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY RODRIGUEZ,
              Appellant,

      v.

DEPARTMENT OF THE TREASURY,
              Agency.

DOCKET NUMBER
NY-0752-20-0235-I-1

DATE: December 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Rodriguez, Farmingville, New York, pro se.

Ariya McGrew, Esquire, and Joseph A. Blanton, New York, New York,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On October 31, 2016, the appellant was appointed as a Contact Representative with the Internal Revenue Service (IRS) in its Wage and Investment Division.[2] Initial Appeal File (IAF), Tab 8 at 18. On April 15, 2017, he filed for an extension of time to file his 2016 Federal tax return, and he was given until October 16, 2017, to file that return. IAF, Tab 1 at 5, Tab 9 at 4 (stipulation). The agency's records indicated that the appellant did not file his 2016 Federal tax return until April 13, 2018, and it sought from the appellant an explanation for the delay. IAF, Tab 5 at 90-91. The appellant asserted that he filed timely with TurboTax, he provided a 6-digit TurboTax code as proof of his timely filing, he explained that he learned "several months later" that TurboTax did not file his return, and he filed his 2016 Federal tax return with his 2017 Federal tax return. IAF, Tab 5 at 77, 86-89.

---

[2] Previously, the appellant was employed in the same position with the agency, but he was removed in 2004 based on the same misconduct as alleged in this matter, and the administrative judge sustained the removal action. *Rodriguez v. Department of the Treasury*, MSPB Docket No. NY-0752-05-0072-I-1, Initial Decision (Mar. 30, 2005). It does not appear that either party filed a petition for review of that initial decision, and it became the Board's final decision in that matter.

The agency subsequently proposed to remove the appellant based on a charge of willful failure to timely file his 2016 Federal tax return in violation of section 1203(b)(8) of the IRS Restructuring and Reform Act of 1998 (RRA).[3] IAF, Tab 5 at 68. The agency alternatively charged the appellant with failing to timely file his 2016 Federal tax return in violation of, among other things, 5 C.F.R. § 2635.809. *Id.* After the appellant responded, *id.* at 49-66, the agency determined that he violated section 1203(b)(8) and forwarded his case to the Commissioner's Review Board to determine whether mitigation of the penalty was appropriate, *id.* at 45-47. The Review Board determined that mitigation was inappropriate, and the agency subsequently sustained the charge and the penalty. *Id.* at 38-42. Although the deciding official noted that a violation of section 1203 required mandatory removal, he additionally considered whether the misconduct impaired the efficiency of the service and whether the removal penalty was reasonable. *Id.* He found that the penalty of removal was appropriate and promoted the efficiency of the service. *Id.* at 38-39.

The appellant filed a Board appeal, arguing that his failure to timely file his 2016 Federal tax returns was not willful. IAF, Tab 1 at 5. After holding a hearing, IAF, Tab 13, Hearing Compact Disc (HCD), the administrative judge sustained the removal, IAF, Tab 14, Initial Decision (ID) at 1-2. The administrative judge found that the agency proved the charge of willful failure to timely file a Federal tax return and failure to show reasonable cause for noncompliance. ID at 6-13. In pertinent part, the administrative judge evaluated the evidence and made credibility findings against the appellant. *Id.* Having found that the appellant acted willfully in failing to file his 2016 Federal tax return, the administrative judge further found that the removal penalty was mandatory and the Board lacked the authority to review the penalty. ID at 13-14.

_____

[3] Pub. L. No. 105-206, § 1203, 112 Stat. 685 (Jul. 22, 1998) (codified at 26 U.S.C. § 7804 note).

The administrative judge found in the alternative that the agency established nexus and the penalty of removal was reasonable. ID at 14-18.

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. The appellant argues that he did not receive proper training on "ordinary business care" or the need to maintain proof of successfully filing his Federal tax return. PFR File, Tab 1 at 4. He additionally provides correspondence between the Chairman of the Senate Committee on Finance and the IRS Commissioner regarding an April 2019 report completed by the Treasury Inspector General for Tax Administration (TIGTA), which determined that the IRS was inconsistent in determining willful noncompliance and adjudicating section 1203 cases. *Id.* at 4, 6-16. The appellant argues that the report from TIGTA demonstrates that he was subject to a disparate penalty. *Id.* at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

We discern no error with the administrative judge's analysis of the charge. As support for her finding, the administrative judge made extensive credibility determinations against the appellant. ID at 7-13. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board must defer to the administrative judge's demeanor-based credibility determination "[e]ven if demeanor is not explicitly discussed"). The appellant does not specifically challenge these credibility determinations or provide sufficiently sound reasons for overturning them; thus, we see no reason to disturb them.

The appellant asserts that he is not a "digital native," and there were 12 intervening years (from 2004-2016) during which the office environment switched from paper-focused to electronic work flow. PFR File, Tab 1 at 4. He also contends that he did not receive adequate training on "ordinary business care" or the need to demonstrate proof of filing Federal tax returns. *Id*. These arguments are not persuasive.

The appellant confirms on review that he was aware of being held to a higher standard as an IRS employee. *Id*. Regardless of the 12-year gap in his employment, he had general knowledge about tax liability from his service as a Contact Representative, which required, among other things, "comprehensive" knowledge of individual tax laws and the ability to answer questions involving tax administration and tax processing regulatory requirements and procedures. IAF, Tab 5 at 93-95; HCD 2 at 1:45 (testimony of the appellant). Moreover, he stipulated that he received training and reminders annually regarding his obligation to timely file and pay his Federal taxes. IAF, Tab 11 at 3. Additionally, he had specific knowledge of section 1203(b)(8) of the RRA and the need to retain proof of filing his Federal tax returns based on his prior removal for the same reason in 2004. IAF, Tab 5 at 39; HCD 2 at 6:49 (testimony of the appellant); *Rodriguez v. Department of the Treasury*, MSPB Docket No. NY-0752-05-0072-I-1, Initial Decision (Mar. 30, 2005). Despite this knowledge, the appellant did not seek help or in any way check that his 2016 Federal tax return was properly filed. HCD 3 at 8:47, 10:44 (testimony of the appellant).

In *Morrissey v. Department of the Treasury*, 319 F. App'x 902, 903-04 (Fed. Cir. 2009), the appellant was removed for willfully understating her tax liability pursuant to section 1203(b)(9) of the RRA.[4] Similar to section 1203(b)(8), which mandates removal of any employee for "willful failure to file any return of tax . . . unless such failure is due to reasonable cause and not willful

---

[4] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016).

neglect," section 1203(b)(9) mandates the removal of any employee determined to have committed "willful understatement of Federal tax liability, unless such understatement is due to reasonable cause and not to willful neglect." *Id.* The court addressed Mrs. Morrissey's contention that she did not willfully understate her tax liability because, among other things, she was not adequately trained in Schedule A or C deductions. *Id.* The court found that inadequate training was not reasonable cause under section 1203(b)(9). *Id.* Importantly, the court noted that Mrs. Morrissey, like the appellant, "had general knowledge about tax liability," "was aware of § 1203," and "was aware that her job carried with it a heightened responsibility to file accurate tax returns." *Id.* We likewise reject the appellant's argument that his training—or lack thereof—is a basis to find that he did not willfully fail to file his 2016 Federal tax return.

Having found that the appellant violated section 1203(b)(8) of the RRA, the administrative judge correctly found that removal was mandatory unless the Commissioner recommended mitigation, and such a decision was not reviewable by the Board. ID at 13-14; *see Ledbetter v. Department of the Treasury*, 102 M.S.P.R. 598, ¶ 9 (2006) (finding that, when the Commissioner's Review Board determined that the penalty of removal was appropriate for a violation of section 1203(b)(9), the removal penalty was mandatory and not reviewable by the Board). The record reflects that the Commissioner's Review Board determined that mitigation was inappropriate in this case. IAF, Tab 5 at 38. Accordingly, the penalty of removal for violating 1203(b)(8) is not reviewable by the Board.[5]

We also affirm the administrative judge's alternative finding regarding the appellant's failure to timely file his 2016 Federal tax return.[6] ID at 14. The

---

[5] We therefore do not consider the appellant's evidence and argument relating to the penalty here, but we discuss it below, *infra* pp. 7-8.

[6] The regulation at 5 C.F.R. § 2635.809 states, in pertinent part, that "[e]mployees shall satisfy in good faith their obligations as citizens, including all just financial obligations, especially those such as Federal, State, or local taxes that are imposed by law." "In good faith" is defined as "an honest intention to fulfill any just financial obligation in a timely manner." *Id.*

administrative judge also found that the agency proved a nexus between the misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 14-18. The appellant does not appear to challenge the administrative judge's nexus analysis, and we affirm it herein.

The appellant's "new" evidence and argument on review appears to be related to the penalty factor involving the consistency of the penalty with those imposed upon other employees for the same or similar offenses. PFR File, Tab 1 at 4, 6-16; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). The Board generally will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The evidence here, dated May 2 and July 29, 2019, predates the appellant's removal and Board appeal. PFR File, Tab 1 at 6, 10; IAF, Tab 1.

However, the record reflects that this penalty factor was not explicitly discussed in the proposal or decision letters or in the initial decision. IAF, Tab 5 at 38-43, 68-72; ID at 15-18. The Board has held that not all penalty factors will be pertinent in every case. *Douglas*, 5 M.S.P.R. at 306. Nevertheless, the consistency of the penalty is one of many relevant factors to consider, *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18, and we have considered the appellant's evidence on review. In *Singh*, the Board indicated that the relevant inquiry for evaluating an allegation that the penalty was inconsistent with penalties assessed to other employees who committed similar offenses was whether the agency knowingly and unjustifiably treated employees differently. *Id.*, ¶ 14. The April 2019 TIGTA report is not in the record, but it was described as finding that "the IRS was inconsistent in both determining willful noncompliance within its own workforce and in adjudicating section 1203 cases." PFR File, Tab 1 at 6. This description of the report, and the appellant's evidence on review, does not

demonstrate that the agency knowingly and unjustifiably treated employees differently. We otherwise discern no error with the administrative judge's penalty analysis and affirm her conclusion that the removal penalty was reasonable for the sustained misconduct. ID at 15-18.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.